

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 13, 1939

Hon. T. M. Trimble
First Assistant to the Superintendent
Austin, Texas

Dear Mr. Trimble:

Opinion No. O-772
Re: Status of Trustees of County
Line Common School District
No. 4 of Throckmorton County

We are in receipt of your letter of May 6, 1939 in which you request the opinion of this Department upon the questions presented in the letter of County Judge Jim W. Tuggle of Throckmorton County, which is as follows:

"Last summer, Common School District #4 of Throckmorton County called an election for consolidation with Woodson Independent School District. The election carried, and the districts were declared consolidated by the Commissioners Court. Some of the patrons of the County Line Common School District #4 filed suit in District Court, and the District Court set the election aside and declared consolidation null and void. During the time that the schools were consolidated two of the trustees from County Line School District #4 came to the Woodson Independent School and took the oath of office as trustees in the Woodson Independent School District. After the District Court set aside the consolidation order, declaring it null and void, the two trustees reverted back to their former positions as



> trustees of County Line Common School District #4 and began to transact business as they did before they took the oath of office at Woodson Independent School. On the first day of April, Common School District #4 held an election and elected three trustees. Now, what I want to know is which of these trustees should I recognize to transact business, the three that was elected on the first of April, or the old trustees that have been acting in that capacity all the time? Did the trustees disqualify themselves when they took the oath of office at Woodson to serve as trustees of the County Line Common School District #4?"

When the District Court by judgment set aside the consolidation order and declared it null and void, the effect of such judgment was to hold that County Line Common School District #4 and Woodson Independent School District were never in fact consolidated. When the two trustees from the County Line Common School District #4 qualified as trustees of the Woodson Independent School District they no doubt purported to qualify as trustees of the Consolidated District, known by the name of the Independent School District. See Article 2806, Revised Civil Statutes.

The District Court, however, has held that there was no consolidated district and therefore, there was no office for which these trustees could qualify. The two school districts retained the same status which they had theretofore had before the election, and the three old members continued as trustees of the County Line Common School District #4 as though no election had been held to consolidate.

Article 2745 provides that on the first Saturday in April of each year one trustee shall be elected who shall serve for a term of three years. It further provides that "all vacancies shall be filled by the county board of trustees for the remainder of the term in which the vacancy occurs."



In Smith vs. Morton Independent School District
(T. C. A. 1935, writ dismissed) 85 SW (2nd) 853, the court
held:

"On April 7, 1934, six new members of
the Board were elected. A. A. Beedy being the
hold-over member of the Board of three mem-
bers as it existed at the date of the elec-
tion, as stated above, under the law only two
members could have been legally elected. It
is said that: 'The main design of election
laws is to secure a fair expression of the
popular will - to ascertain the will of the
electors and secure the rights of the duly
qualified voters.' 16 Tex. Jur. 1035. If
the voters have the right to elect only two
men and the election is so ordered and con-
ducted that six are elected, the purpose of
the law is defeated. Neither the election
authorities nor the courts can say which two
of the six are de jure officers. In our form
of government elections must be held by virtue
of some legal authority, and an election held
without affirmative statutory authority or
contrary to a material provision of the law
is universally held to be a nullity. 20 C. J.
95, Sec. 76; Simpson vs. Teftler, 176 Ark.
1093, 5 SW (2nd) 350; Boone vs. State, 10
Tex. App. 418, 38 Ann. Rep. 641. An irregular-
ity which affects the merits of the election
and defeats the intended legal results is a
nullity. 9 R. C. L. 1092; 25 R. C. L. 772,
Sec. 19.

"We, therefore, conclude that the elec-
tion of six trustees of the Morton Indepen-
dent School District is not authorized by law."

There being no successor elected to the place
of the trustee whose term was expiring there is a vacancy
in said office within the meaning of Article 2745, cited
above and a trustee may be appointed by the County Board



Hon. T. M. Trimble, May 13, 1939, Page 4

of School Trustees to fill said vacancy. Clark vs. Wornell, (T. C. A. 1933) 65 SW (2nd) 350. However, the old trustee for whom a successor was not elected shall continue to hold over and perform the duties of his office until his successor has been duly elected or appointed and qualified. Texas Const., Art. XVI, Sec. 17; Cowan vs. Capps, 278 SW 283; State vs. Jordan, (T. C. A. 1930, writ dismissed) 28 SW (2nd) 921.

It is therefore our opinion that the three members of the former board of trustees of the County Line Common School District No. 4 constitute de jure members of said Board fully qualified to act as such with one vacancy subject to be filled by appointment by the County Board of School Trustees.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By     *Cecil C. Cammack*

Cecil C. Cammack
Assistant

CCC:AW

APPROVED:

*Gerald C. Mann*
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY ___
CHAIRMAN